UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BOBBY LEE ROBERTSON                                                                  PLAINTIFF
ADC #121746

V.                                   No. 5:18CV00152 KGB/JTR

WENDY KELLY, Director,
Arkansas Department of Correction, *et al.*                                          DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Bobby Lee Robertson ("Robertson") is prisoner in the Varner Supermax Unit of the Arkansas Department of Correction ("ADC"). He has filed a *pro se* § 1983 Complaint and two Amended Complaints alleging that Defendants violated his

constitutional rights. *Docs. 2, 5 & 6*.[1] He has also filed a "Motion to Request That Jurisdiction Be Reinvested." *Doc. 7*. Before Robertson may proceed with this case, the Court must screen his claims.[2]

## II. Discussion

### A.     Robertson's Allegations

In his Complaint and Amended Complaints, Robertson alleges that, at some unspecified time on June 14, 2017,[3] Defendants Lieutenant Esaw ("Esaw") and Sergeant Dennis ("Dennis") placed him in the Isolation One shower after he threatened to kill himself. He alleges that he stayed in the shower on "suicide watch" until the next evening, June 15, 2017, a period of "over twenty-four hours." He alleges that, while in the shower, he: (1) was deprived of all clothing except a paper

---

[1] The Court has construed Robertson's *pro se* Complaint and Amended Complaints, together, as constituting his claims. *See Kiir v. N.D. Pub. Health,* 651 Fed. Appx. 567, 568 (8th Cir. 2016) (amendment "intended to supplement, rather than to supplant, the original complaint," should be read together with original complaint); *Cooper v. Schriro,* 189 F.3d 781, 783 (8th Cir. 1999) (*pro se* pleadings must be liberally construed).

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

[3] Although Robertson refers repeatedly to June *2018*, it is clear from his attachments that the events occurred in *2017*. *Doc. 2 at 6-9*.

gown; (2) had no toilet or bathroom breaks, and was forced to relieve himself in the shower drain; (3) was not given any water to drink; (4) had no bed and was forced to place his mattress on top of the floor drain where he had relieved himself; (5) had to eat and sleep in the shower; and (6) had to endure bugs "crawl[ing] all over him." *Doc. 2 at 4; Docs. 5 & 6.*

On the evening of June 15, 2017, he alleges that he was taken to the Isolation Four dayroom, where he had to sleep on the floor, and that the next day, June 16, he was placed in a cell. *Doc. 2 at 4.*

Robertson's claims against Defendants ADC Director Wendy Kelly ("Kelly") and Warden McHan ("McHan") are all based solely on his contention they should be liable by virtue of their supervisory positions.[4] *Doc. 5 at 1-3.*

Robertson alleges that, as a result of the conditions of his confinement, between June 14 and June 16, 2017, he suffered: (1) "mental and emotional stress"; (2) sleep deprivation due to thoughts of "spiders and waterbugs crawling into [his] mouth and [his] ears and up and down [his] body"; (3) "back pain and severe soreness," numbness in his extremities, and tension in his neck and back, (4) pain

---

[4]Robertson alleges that Kelly: (1) failed to ensure that ADC staff were properly trained; (2) failed to ensure that all wardens enforce policies guaranteeing humane treatment for all inmates; (3) failed to ensure that no ADC inmate's constitutional rights were violated; (4) found his grievances about the June 2017 matter to be without merit and failed to investigate his allegations; and (5) failed to ensure that adequate and sanitary housing was provided for all inmates. Doc. 5 at 1-2. He alleges that McHan: (1) failed to make daily rounds, thereby giving his staff the opportunity to violate Robertson's constitutional rights; (2) failed to train his staff; and (3) failed to ensure that adequate housing was available for inmates in Isolation. *Id. at 2-3.*

3

from having to "hold his bladder"; and (5) exposure to noxious odors from human waste when he was forced to lay his mattress on top of his bodily fluids and waste. *Doc. 5 at 3-4; Doc. 6 at 1*. Robertson claims that the challenged conditions violated his constitutional right to be free from cruel and unusual punishment, and his right to equal protection of the law. *Doc. 2 at 4; Doc. 5*.

Finally, Robertson names all Defendants in their individual and official capacities, and seeks compensatory and punitive damages. *Doc. 2 at 2 & 5; Doc. 6.*

### B. Official-Capacity Claims

The doctrine of sovereign immunity precludes Robertson from obtaining monetary damages against Defendants in their official capacities. *See Reid v. Griffin,* 808 F.3d 1191, 1192 (8th Cir. 2015); ; *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997) (damages claims against state officials acting in their official capacities are barred "either by the Eleventh Amendment or because in these capacities they are not 'persons' for § 1983 purposes"). Because monetary damages are the *only* form of relief sought by Robertson, his official-capacity claims should be dismissed, without prejudice.

### C. Inhumane Conditions of Confinement Claim

The "Constitution does not mandate comfortable prisons" or that prisons be "free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Thus, to plead a viable Eighth Amendment inhumane conditions of confinement claim, Robertson

must allege facts demonstrating that: (1) objectively, he suffered a deprivation that was "sufficiently serious" enough to deny him "the minimal civilized measure of life's necessities," or to pose "a substantial risk of serious harm" to his health or safety; *and* (2) subjectively, the defendant was deliberately indifferent to the risk of harm posed by the deprivation. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). The length of time that a prisoner is subjected to the allegedly inhumane conditions is a "critical factor" in the Eighth Amendment analysis. *Smith v. Copeland,* 87 F.3d 265, 269 (8th Cir. 1996) (stating that "[c]onditions such as a filthy cell that may be tolerable for a few days are intolerably cruel for weeks or months").

Applying these principles, the Eighth Circuit has held that conditions far worse than those alleged by Robertson fail to rise to the level of a constitutional violation. *See, e.g., Goldman v. Forbus*, 17 Fed. Appx. 487, 489 (8th Cir. 2001) (finding no constitutional violation where, for six days, a prisoner was forced to sleep on the floor next to a toilet, where he was sprinkled with urine); *O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 83-84 (8th Cir. 1996) (no constitutional violation when a prisoner was without underwear, blankets or a mattress for four days); *Smith,* 87 F.3d at 268 (no constitutional violation where a prisoner slept in a cell that was flooded with raw sewage for four days); *Seltzer-Bey v. Delo,* 66 F.3d 961, 963-64 (8th Cir. 1995) (no constitutional violation where inmate was in strip cell for two days without clothing, bedding, or running water, with a concrete slab

5

for a bed, and cold air blowing on him); *Williams v. Delo,* 49 F.3d 442, 444 (8th Cir. 1995) (no constitutional violation where prisoner was in a strip cell for four days without clothes, mattress, running water, a flushable toilet, bedding, mail, hot food, and hygiene supplies); *Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994) (no constitutional violation from exposure to "deplorable" unsanitary cell conditions for "not more than 24 hours"); *Bargo v. Hobbs,* No. 5:14cv00393-KGB, 2017 WL 763923 (E.D. Ark. Feb. 27, 2017) (no Eighth Amendment violation where prisoner was forced to urinate and defecate in the fields, without access to a portable toilet, while temporarily assigned to field duty). Thus, pursuant to well-established Eighth Circuit case law, Robertson has failed to demonstrate that his one-day exposure to unsanitary and uncomfortable conditions was serious enough to satisfy the objective requirement for a viable Eighth Amendment claim.

Robertson's allegations also fail to make the requisite showing that, by subjecting him to the alleged deprivations, any of the Defendants were acting with deliberate indifference to a substantial risk of harm to Robertson's health or safety. The conditions he experienced, while on "suicide watch," undoubtedly caused Robertson some temporary discomfort, but they were imposed to *protect* him from harming himself. *See Smith v. Bolava,* 632 Fed. Appx. 683, 687 (3d Cir. 2015) ("Rather than denying a human need, a suicide watch is canonically understood as protecting inmates who are vulnerable to self-harm."); *Daniels v. Woodside,* 396

6

F.3d 730, 735 (6th Cir. 2005) (finding no Fifth, Eighth or Fourteenth Amendment violation where "the deprivations imposed … were affirmative steps to secure [the detainee's] well-being, in furtherance of the jail staff's legitimate and non-punitive purpose of preventing [his] suicide or injury").

Because Robertson has not pled a viable inhumane conditions of confinement claim, the Court recommends that this claim be dismissed, without prejudice for failing to state a claim upon which relief may be granted.

### D. Equal Protection Claim

Robertson alleges that Defendants violated his right to equal protection because "every other inmate in punitive or suicide watch" had a cell with a bed and a toilet, and none were subjected to the same conditions as he was. *Doc. 5 at 3*.

The Equal Protection Clause of the Fourteenth Amendment is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). Unless the equal protection claim is based on the aggrieved party's membership in a "protected class" or infringes a "fundamental right," the challenged actions must be evaluated under a "rational basis" test. *Nolan v. Thompson*, 521 F.3d 983, 989 (8th Cir. 2008).

Robertson does not allege that he was subjected to the challenged conditions based on any protected classification. Additionally, as discussed, the conditions did not amount to a violation of any fundamental constitutional right. Accordingly,

7

Robertson's allegations can only be construed as raising a "class of one" equal protection claim, *i.e.*, Defendants "singled him out" and "intentionally treated him differently from others similarly situated, and there is no rational basis for the difference in treatment." *See Flowers v. City of Minneapolis, Minn.*, 558 F.3d 794, 799 (8th Cir. 2009) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000) ). This claim fails for two reasons.

First, Robertson's conclusory allegation -- that "every other inmate in punitive or suicide watch" received more favorable treatment than him – is insufficient to state a viable claim. To support a class-of-one equal protection claim, Robertson must "provide a specific and detailed account of the nature of the preferred treatment of the favored class," especially if the defendant was required to exercise broad discretion or balance competing considerations. *Nolan,* 521 F.3d at 990; *see Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009) (explaining that a prisoner must "allege more by way of factual content to nudge his claim of purposeful discrimination across the line from conceivable to plausible").

Second, even if Robertson could provide *facts* to support his vague allegation, his claim could not proceed. The Supreme Court has recognized that class-of-one equal protection claims are "simply a poor fit" in the context of disputes arising from how a decisionmaker exercised his or her discretion. *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 605 (2008); *see Flowers*, 558 F.3d at 799 (because

8

police "decisions regarding whom to investigate and how to investigate are matters that necessarily involve discretion," plaintiff could *not* use a class-of-one equal protection theory to attack those decisions). Similarly, due to the inherently discretionary and individualized nature of the decisions made by state actors charged with managing and caring for prisoners, courts have recognized that prisoners' class-of-one claims alleging arbitrary treatment by prison officials generally are not cognizable under *Engquist. McDonald v. Golden,* No. 1:17CV00066-DPM/JTR, 2018 WL 4001278, at *4-5 (E.D. Ark. July 24, 2018) (prisoner failed to state a viable class-of-one equal protection claim based on the denial of her funeral furlough request because that decision "necessarily involves a case-by-case determination that is based on a discretionary, subjective and individualized assessment"); *Glassey v. Ryan*, No. CV12-01490, 2016 WL 6080672, at *4 (D. Ariz. Mar. 7, 2016) (collecting cases); *Dawson v. Norwood*, No. 1:06cv914, 2010 WL 2232355, at *2 (W.D. Mich. June 1, 2010) ("[T]he class-of-one equal protection theory has no place in the prison context where a prisoner challenges discretionary decisions regarding security classifications and prisoner placement.").

Finally, a prison official's decision regarding the appropriate conditions for an inmate placed on suicide watch involves a case-by-case determination that is based on a discretionary, subjective and individualized assessment. Thus, under *Engquist*, Robertson has failed to state a plausible class-of-one equal protection

claim.

Accordingly, the Court recommends that Robertson's equal protection claim be dismissed, without prejudice.

### E.     Robertson's Motion to Reinvest Jurisdiction

Finally, Robertson has filed a Motion to "reinvest jurisdiction in the Ashley County trial court, so that he may seek a writ of error coram nobis" challenging his state criminal convictions. *Doc. 7*. This Court has no authority to "reinvest jurisdiction" in the Arkansas state trial court that presided over Robertson's criminal case that led to his convictions.

If Robertson wishes to collaterally attack his state court convictions, he must exhaust all of his available post-conviction remedies in state court, and then file a federal habeas action.[5]  *See* 28 U.S.C. § 2254.

Because this Court has no authority to "reinvest jurisdiction" in the Ashley County Circuit Court and § 1983 is not the proper procedural vehicle for Robertson to use to collaterally attack his state court convictions, his Motion to Reinvest Jurisdiction should be denied.

---

[5]Habeas corpus is the exclusive remedy when a claim "goes directly to the constitutionality of [a prisoner's] physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). A civil rights complaint, on the other hand, "is a proper remedy for a ... prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id.* at 499.

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.     Robertson's Complaint and Amended Complaints *(Docs. 2, 5 & 6)* be DISMISSED, WITHOUT PREJUDICE.

2.     Robertson's Motion to Reinvest Jurisdiction *(Doc. 7)* be DENIED.

3.     The dismissal of this case be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

4.     The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 14th day of December, 2018.

_____
UNITED STATES MAGISTRATE JUDGE