# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

BOBBY LEE ROBERTSON
ADC #121746                                                                                      PLAINTIFF

v.                                  Case No. 5:18-cv-00152 KGB/JTR

WENDY KELLY, Director,
Arkansas Department of Correction, *et al.*                                        DEFENDANTS

## ORDER

The Court has reviewed the Recommended Disposition submitted by United States Magistrate Judge J. Thomas Ray (Dkt. No. 8). Plaintiff Bobby Lee Robertson filed an untimely objection to the Recommended Disposition (Dkt. No. 9). While the objection is untimely, the Court has considered it. After careful review of the Recommended Disposition, a *de novo* review of the record, and a review of Mr. Robertson's objection, the Court adopts the Recommended Disposition as its findings in all respects (Dkt. No. 8). The Court denies Mr. Robertson's motion to request that jurisdiction be reinvested (Dkt. No. 7). The Court dismisses without prejudice Mr. Robertson's claims against defendants and dismisses without prejudice the complaint and amended complaints (Dkt. Nos. 2, 5, 6).

**I.      Background**

Mr. Robertson, a prisoner in the Varner Supermax Unit of the Arkansas Department of Correction ("ADC"), filed his original complaint *pro se* pursuant to 42 U.S.C. § 1983, and two amended complaints, alleging that defendants in their official and personal capacities violated his constitutional rights under the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment (Dkt. Nos. 2, 5, 6).

Mr. Robertson alleges that on June 14, 2017, separate defendants Lieutenant Esaw and Sergeant Dennis placed him in the "Isolation One" shower after he threatened to kill himself (Dkt. No. 2, at 4). He also alleges that he stayed in the shower until the next evening, June 15, 2017 (*Id.*, at 4). While in the shower, he alleges that he was deprived of all clothing except for a paper gown, he had no toilet or bathroom breaks, he was forced to relieve himself in the shower drain, he was not given any water to drink, he had no bed and was forced to place his mattress on top of the floor drain where he had relieved himself, he had to sleep and eat in the shower, and he was forced to endure bugs crawling on him (Dkt. Nos. 2, at 4; 5, at 2; 6, at 1). Mr. Robertson alleges that, the evening of June 15, 2017, he was taken to the Isolation Four dayroom, where he had to sleep on the floor until the next day, at which time he was placed in a cell (Dkt. No. 2, at 4).

Mr. Robertson alleges that, as a result of the conditions of his confinement between June 14, and June 16, 2017, he suffered: (1) "mental and emotional stress"; (2) sleep deprivation due to thoughts of "spiders and waterbugs crawling" over him; (3) "back pain and sever soreness," numbness in his extremities, and tension in his neck and back; (4) pain from having to "hold his bladder"; and (5) exposure to noxious odors from human waste when he was forced to lay his mattress on top of his bodily fluids and waste (Dkt. No. 6, at 1). For relief, Mr. Robertson seeks compensatory and punitive damages (Dkt. Nos. 2, at 5; 6, at 1).

**II.     Discussion**

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915A(b). The *in forma pauperis* statute also imposes these standards for dismissal. 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the sufficiency of a *pro se* complaint under the Court's screening function, the Court must give the complaint the benefit of a liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Court also must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Although *pro se* complaints are to be liberally construed, the complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### A.  Official Capacity Claims

The Recommended Disposition recommends dismissal without prejudice of Mr. Robertson's official capacity claims because they are barred by the Eleventh Amendment. *See Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997) (holding that damages against state officials acting in their official capacities are barred "either by the Eleventh Amendment or because in these capacities they are not 'persons' for § 1983 purposes"). The Court agrees that Mr. Robertson's claims for monetary relief against defendants in their official capacities are barred by the Eleventh Amendment. Further, in his objection, Mr. Robertson states that he "will dismiss the official capacity claims against said defendants." (Dkt. No. 9, at 7). For all these reasons, the Court dismisses without prejudice Mr. Robertson's claims against defendants in their official capacities.

## B. Individual Capacity Claims—The Eighth Amendment

The Recommended Disposition recommends dismissal without prejudice of Mr. Robertson's Eighth Amendment inhumane conditions of confinement claim asserting Mr. Robertson has failed to state a claim upon which relief may be granted (Dkt. No. 8, at 4-6). The Court agrees. To allege a viable Eighth Amendment claim for inhumane conditions of confinement, a prisoner must allege that: (1) objectively, he suffered a "sufficiently serious" deprivation that denied him "the minimal civilized measure of life's necessities" or posed "a substantial risk of serious harm" to his health or safety; and (2) subjectively, the defendants were "deliberately indifferent" to the risk of harm caused by the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Mr. Robertson's alleged one-day exposure to unsanitary and uncomfortable conditions does not satisfy the objective prong for an inhumane conditions of confinement claim. *See Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996) (holding that no constitutional violation occurred where prisoner slept in a cell that was flooded with raw sewage for multiple days). Furthermore, Mr. Robertson has not alleged facts sufficient to satisfy the second, subjective, prong of an inhumane conditions of confinement claim because Mr. Robertson alleges that his confinement in the shower was the result of his threat to commit suicide. Accordingly, the Court finds that Mr. Robertson has failed to allege that defendants were "deliberately indifferent" to a substantial risk of harm to his health or safety.

Since Mr. Robertson has failed to plead viable Eighth Amendment claims for inhumane conditions of confinement, the Court dismisses without prejudice Mr. Robertson's Eighth Amendment claims against defendants for failure to state claims upon which relief may be granted.

### C. Individual Capacity Claims—Equal Protection Clause

The Recommended Disposition recommends dismissal without prejudice of Mr. Robertson's equal protection claims (Dkt. No. 8, at 7). In his objection, Mr. Robertson argues that he "became part of a 'class' when his status went to suicide watch" and that "defendants must explain why no movements were made for plaintiff when cells, suicide cells, are always made available for other 'similarly situated' prisoners." (Dkt. No. 9, at 6).

The Court dismisses without prejudice Mr. Robertson's equal protection claims. Mr. Robertson does not sufficiently allege that he is a member of a protected class or that a "fundamental right" was infringed by defendants, so defendants' actions must be assessed under the "rational basis" test. *Nolan v. Thompson*, 521 F.3d 983, 989 (8th Cir. 2008). Further, Mr. Robertson's equal protection claims must be construed as "class-of-one" claims. *See Flowers v. City of Minneapolis, Minn.*, 558 F.3d 794, 799 (8th Cir. 2009). Even if Mr. Robertson did sufficiently allege that the other inmates on suicide watch received more favorable treatment than he did, the Eighth Circuit has held that "the class-of-one theory [is] a 'poor fit' in a context that involve[s] discretionary decisionmaking." *Flowers*, 558 F.3d at 799 (citing *Engquist v. Oregon Dept. of Agri.*, 553 U.S. 591 (2008)). Other district courts have declined to apply class-of-one claims against prison officials who make discretionary decisions regarding prisoners. *See Sorenson v. Minn. Dept. of Corrections*, 2012 WL 3143927, at *2 (D. Minn. Aug. 2, 2012) (noting that requests for funeral furlough are evaluated on a purely discretionary basis). Mr. Robertson has not identified any statute, rule, or regulation that guides the treatment of prisoners on suicide watch. The decision regarding how to treat a prisoner on suicide watch involves a case-by-case determination that is based on a discretionary, subjective, and individualized assessment. Thus, Mr. Robertson has failed to state class-of-one equal protection claims upon which relief may be

granted. The Court dismisses without prejudice Mr. Robertson's equal protection claims against defendants.

### D. Motion To Request That Jurisdiction Be Reinvested

The Recommended Disposition recommends denial of Mr. Robertson's motion to request that jurisdiction be reinvested (Dkt. No. 7). In this motion, Mr. Robertson asks the Court to "reinvest jurisdiction in the Ashley County trial court, so that he may seek a writ of error coram nobis" challenging his state court convictions (*Id.*, at 1). In his objection to the Recommended Disposition, Mr. Robertson states that he "did in fact file a separate motion in federal court regarding" this motion (Dkt. No. 9, at 4). He also states that this "motion was filed separately in regards to his criminal case and does not pertain to and should never had been reviewed by ADC officials." (*Id.*). The Court has no authority to "reinvest jurisdiction" in the Arkansas state trial court that presided over Mr. Robertson's state criminal case. Accordingly, the Court denies Mr. Robertson's motion to request that jurisdiction be reinvested (Dkt. No. 7).

### III. Conclusion

It is therefore ordered that:

1. The Court adopts the Recommended Disposition as its findings in all respects (Dkt. No. 8).

2. The Court dismisses without prejudice Mr. Robertson's claims against the defendants in this action.

3. Mr. Robertson's complaint and amended complaints are dismissed without prejudice (Dkt. Nos. 2, 5, 6).

4. The dismissal of this case is counted as a "strike" pursuant to 28 U.S.C. § 1915(g).

5. The Court denies Mr. Robertson's motion to request that jurisdiction be reinvested (Dkt. No. 7).

6. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

It is so ordered this the 25th day of March, 2019.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge